**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4163

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AHKIE RASHARD JENKINS, a/k/a Arkey,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (3:97-cr-00211-REP-6)

Submitted: September 25, 2006        Decided: October 27, 2006

Before TRAXLER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Debra D. Corcoran, Richmond, Virginia, for Appellant.  David T. Maguire, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ahkie Rashard Jenkins appeals the district court's judgment revoking his supervised release and sentencing him to eighteen months in prison followed by three years of supervised release. Jenkins's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in her opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court erred in revoking Jenkins's supervised release and imposing its sentence. Counsel further suggests the district court may have been misinformed regarding the statutory maximum sentence but Jenkins was not prejudiced as a result. Jenkins has been informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Upon finding a violation of a condition of supervised release by a preponderance of the evidence, the district court may revoke a term of supervised release and require the defendant to serve in prison all or part of the original supervised release term authorized by statute for the offense that resulted in the term of supervised release. 18 U.S.C. § 3583(e)(3) (2000). Based on Jenkins's admitted violations, the district court properly revoked his supervised release and imposed a term of imprisonment. Because the offense resulting in Jenkins's original term of supervised release was a Class A felony, the district court was statutorily authorized to impose a prison term of up to five years followed by

a new supervised release term of up to five years less the term of imprisonment.  18 U.S.C. § 3583(e)(3), (h) (2000).*  Pursuant to U.S. Sentencing Guidelines Manual § 7B1.4(a) (2005), the district court correctly determined Jenkins's advisory sentencing range was six to twelve months.

We will affirm the sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable.  See United States v. Crudup, 461 F.3d 433, 440 (4th Cir. 2006).  In making this determination, we first consider whether the sentence is procedurally or substantively unreasonable, and if so, whether it is "plainly" so. Id.  While the district court must consider the Chapter 7 policy statements and statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583 (2000), the court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum.  Crudup, 461 F.3d at 439.

We conclude Jenkins's sentence was within the statutory maximum and not plainly unreasonable.  The district court considered the parties' arguments and stated its reasons for

---

*Jenkins pled guilty and was convicted of conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii), 846 (1994), a Class A felony punishable by a term of imprisonment of ten years to life and a minimum five-year term of supervised release.  Contrary to counsel's assertion, the grade of supervised release violation does not determine the statutory maximum under § 3583(e).

imposing the sentence. As counsel acknowledges on appeal, an eighteen-month sentence was not unreasonable in light of Jenkins's admitted violations. While the district court noted and considered the advisory range, the court reasonably determined a sentence above that range was appropriate based on the abundance of leniency shown Jenkins in the past and his repeated violations.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>